DANA A. SUNTAG (State Bar No. 125127)
JOSHUA J. STEVENS (State Bar No. 238105)
ALEXANDER R. THOMAS (State Bar No. 350132)
HERUM CRABTREE SUNTAG, LLP
5757 Pacific Avenue, Suite 222
Stockton, California 95207
Telephone: (209) 472-7700
dsuntag@herumcrabtree.com
jstevens@herumcrabtree.com
athomas@herumcrabtree.com

Attorneys for All Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PEREZ, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN JOAQUIN, GARRETT CALLAHAN, JOEL ESTRADA, BRIAN MORENO, and DOES 1 through 20, inclusive,<br><br>    Defendants | Case No. 2:24-cv-03402-TLN-JDP<br><br>**STIPULATION TO MODIFY SCHEDULING ORDER AND ORDER** |

STIPULATION TO MODIFY SCHEDULING ORDER   1
& ORDER

All Parties, through their undersigned counsel of record, stipulate as follows:

**RECITALS**

A.  Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure states: "When an act must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion if the court acts, or a request is made, before the original time expires." With respect to a court's scheduling order, "[t]he district court may modify the pretrial schedule 'if it cannot be reasonably met despite the diligence of the party seeking the amendment.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

B.  On December 6, 2024, Defendants removed this case from the San Joaquin County Superior Court after they filed an Answer in Superior Court.

C.  On January 2, 2025, the Court issued a Scheduling Order that sets a discovery completion deadline of 365 days after the date of removal, with all subsequent dates being based off of that date. (ECF No. 9.)

D.  The Scheduling Order has not been amended. By this stipulation, the parties request the Court amend it based on multiple factors, including the significant difficulties in conducting discovery that defense counsel have been faced with, in addition to Plaintiff's intention to file a motion to withdraw as counsel.

E.  On February 3, 2025, Defendant County of San Joaquin (the "County") served interrogatories and document requests on Plaintiff. Plaintiff's responses were due by March 5, 2025. Plaintiff failed to respond and failed to produce any documents. Several months later, on June 9, 2025, Plaintiff's counsel served what he captioned as responses to the interrogatories, but which stated they contained no information from Plaintiff and were not verified by Plaintiff.

F.  Plaintiff's counsel represents that Plaintiff has refused to communicate with him since early February 2025 and refuses to participate in responding to the County's discovery requests. Plaintiff's counsel also represents Plaintiff has instructed his counsel to dismiss this lawsuit.

STIPULATION TO MODIFY SCHEDULING ORDER   2
& ORDER

G. Plaintiff's refusal to participate in discovery is severely and unfairly prejudicing the Defendants. Defendants need Plaintiff's discovery responses so they can move forward on other discovery, including without limitation Plaintiff's deposition and subpoenas to third parties, and to prepare for trial and a motion for summary judgment. Defendants have been unable to engage in these activities because of Plaintiff's failure to respond to the County's written discovery requests.

H. On April 2, 2025, due to Plaintiff's failure to respond to the County's discovery requests, Magistrate Judge Peterson scheduled a Pre-Discovery Motion Conference for May 1, 2025. At the Conference, Plaintiff's counsel told Magistrate Judge Peterson that Plaintiff no longer wanted to pursue this case and Plaintiff's counsel would shortly file either a dismissal (which he represented Plaintiff had directed him to do), or a motion to withdraw as counsel. Magistrate Judge Peterson granted him time to do that, and directed the County would have to wait at least 30 days to file a discovery motion if Plaintiff failed to do so. (ECF No. 17.)

I. Plaintiff's counsel failed to file either a motion to withdraw or a dismissal and failed to provide further responses to the County's discovery requests.

J. On June 16, 2025, the County filed its motion to compel and for other relief. The hearing was initially scheduled for July 31, 2025. (ECF No. 19.) On July 8, 2025, Magistrate Judge Peterson continued the hearing to August 14, 2025. (ECF No. 20.)

K. Plaintiff's counsel failed to file an opposition to the motion.

L. At the hearing on August 14, 2025, Magistrate Judge Peterson granted the motion to compel. (ECF No. 22.).

M. Last week, Plaintiff's counsel again represented to defense counsel that his attorney-client relationship with Plaintiff has deteriorated to the point it is not salvageable and again represented he will be filing a motion to withdraw. He stated he will file the motion such than it may be heard on this Court's October 2, 2025, law and motion calendar.

N.   Plaintiff's counsel agrees that defense counsel will need more time to conduct discovery and have been prejudiced by Plaintiff's refusal to cooperate. The discovery cutoff of December 5, 2025, does not provide defense counsel adequate time to conduct discovery, based on the length of time Plaintiff's refusal to cooperate has already consumed.

O.   Additionally, assuming this Court grants Plaintiff's counsel's motion to withdraw, it will take time either for new counsel or Plaintiff *pro se* to get up to speed on the case and be in a position to schedule various things, such as Plaintiff's medical examination, his deposition, depositions of third parties, etc.

## **STIPULATION**

The Parties, by and through their undersigned counsel, respectfully request the Court modify the Scheduling Order as follows:

| Deadline | Current Date (ECF No. 9) | Proposed Date |
| --- | --- | --- |
| Fact Discovery Cutoff | December 5, 2025 | December 7, 2026 |
| Expert witness disclosures | February 3, 2026 | February 5, 2027 |
| Rebuttal expert witness disclosures | March 5, 2026 | March 22, 2027 |
| Expert Discovery Cutoff | Not set | April 30, 2027 |
| Deadline to file dispositive motions | June 3, 2026 | June 30, 2027 |
| Deadline to exchange supplemental disclosures and responses | July 3, 2026 | August 1, 2027 |

Dated:  August 18, 2025                                HERUM CRABTREE SUNTAG, LLP


                                                                By: /s/ Joshua J. Stevens
                                                                        DANA A. SUNTAG
                                                                        JOSHUA J. STEVENS
                                                                        Attorney for All Defendants

                                                                LAW OFFICE OF J. MICHAEL BROWN

Dated:  August 19, 2025                                By: /s/ J. Michael Brown
                                                                        J. MICHAEL BROWN
                                                                    (As authorized on August 19, 2025)
                                                                        Attorney for Plaintiff

STIPULATION TO MODIFY SCHEDULING ORDER   4
& ORDER

**ORDER**

The Court, having considered the parties' stipulation, and good cause appearing, rules as follows:

The relief the Parties request is GRANTED, and the Scheduling Order is modified as follows:

| Deadline | Current Date (ECF No. 9) | New Date |
|---|---|---|
| Fact Discovery Cutoff | December 5, 2025 | December 7, 2026 |
| Expert witness disclosures | February 3, 2026 | February 5, 2027 |
| Rebuttal expert witness disclosures | March 5, 2026 | March 22, 2027 |
| Expert Discovery Cutoff | Not set | April 30, 2027 |
| Deadline to file dispositive motions | June 3, 2026 | June 30, 2027 |
| Deadline to exchange supplemental disclosures and responses | July 3, 2026 | **August 2, 2027** |

Dated: August 19, 2025

_____
Troy L. Nunley
Chief United States District Judge