1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOSEPH PEREZ,                              Case No.  2:24-cv-3402-TLN-JDP (PS)

12              Plaintiff,

13         v.                                    ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14    COUNTY OF SAN JOAQUIN, *et al.*,

15              Defendants.

16

17         The court previously granted defendants' motion to compel and ordered plaintiff to

18    provide, by no later than August 28, 2025, further responses to discovery.  ECF Nos. 22 & 26.

19    On September 3, 2025, defendants moved for sanctions against plaintiff for failure to comply

20    with the order granting their motion to compel.  ECF No. 29.  Plaintiff failed to timely respond to

21    that motion.  Accordingly, on September 24, 2025, the court continued the hearing on defendants'

22    motion for sanctions and ordered plaintiff to show cause why sanctions should not be imposed for

23    his failure to comply with the court's local rules.  ECF No. 30.  The court also ordered plaintiff

24    file an opposition or statement of non-opposition to defendant's motion by no later than October

25    16, 2025, and warned him that failure to comply with that order could result in a recommendation

26    that this action be dismissed.  *Id.*  Plaintiff also failed to respond to that order.

27         However, approximately two weeks before the October 16 deadline, the court granted

28    attorney J. Michael Brown motion to withdraw as counsel for plaintiff.  ECF No. 31.  Given

                                              1

plaintiff's pro se status, the court granted him until November 14, 2025, to respond to defendants' motion and the court's September 24, 2025 order to show cause.  ECF No. 32.  Despite that extension, plaintiff has not filed an opposition to defendants' motion or otherwise responded to the court's order.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal.  *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court.").

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In recommending that this action be dismissed for failure to comply with court orders, I have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

Here, plaintiffs failed to respond to two orders directing him to show cause why this action should not be dismissed.  *See* ECF Nos. 30 & 32.  Therefore, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support imposition of the sanction of dismissal.  Lastly, my warning to plaintiffs that failure to obey court orders will result in dismissal satisfies the "considerations of

1    the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779

2    F.2d at 1424.  Both the September 24 and October 31 orders expressly warned plaintiff that

3    failure to comply with court orders would result in dismissal.  ECF Nos. 30 & 32.  Plaintiff had

4    adequate warning that dismissal could result from this noncompliance.  I therefore find that the

5    balance of factors weighs in favor of dismissal.

6            Accordingly, it is hereby ORDERED that:

7            1.  The December 11, 2025 hearing on defendants' motion for sanctions is VACATED.

8            2.  Defendants' motion for sanctions, ECF No. 29, is DENIED as moot.

9            Further, it is RECOMMENDED that:

10           1.  This action be DISMISSED for failure to prosecute, failure to comply with the court's

11    local rules, and failure to comply with court orders.

12           2.  The Clerk of Court be directed to close the case.

13           These findings and recommendations are submitted to the United States District Judge

14    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

15    of service of these findings and recommendations, any party may file written objections with the

16    court and serve a copy on all parties.  Any such document should be captioned "Objections to

17    Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

18    within fourteen days of service of the objections.  The parties are advised that failure to file

19    objections within the specified time may waive the right to appeal the District Court's order.  *See*

20    *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

21    1991).

22    IT IS SO ORDERED.

23

24    Dated:    November 19, 2025                    _____

25                                                   JEREMY D. PETERSON
                                                     UNITED STATES MAGISTRATE JUDGE
26

27

28

                                                    3